

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00071-CV

JOHN TRAYLOR D/B/A JOHN TRAYLOR INSURANCE, Appellant

V.

RAMONA LANE, Appellee

On Appeal from the 76th District Court
Morris County, Texas
Trial Court No. 26,113

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

John Traylor d/b/a/ John Traylor Insurance has attempted to appeal the trial court's August 22, 2022, order granting, in part, and denying, in part, Traylor's plea to the jurisdiction. The issue before this Court is whether we have jurisdiction to hear the appeal. We conclude that we do not and dismiss the appeal for want of jurisdiction.

Generally, appellate courts review only final judgments and interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Schoolcraft v. Dep't of Fam. & Protective Servs.*, No. 06-05-00076-CV, 2005 WL 3487849, at *1 (Tex. App.—Texarkana Dec. 22, 2005, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.).

The order at issue is not a final judgment as it does not dispose of all claims. Further, the August 22 order is not the type of interlocutory order from which the Texas Legislature has authorized an appeal.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.).

By letter dated October 27, 2022, we notified Traylor of this potential defect in our jurisdiction and afforded him the opportunity to show this Court how it had jurisdiction over the appeal notwithstanding the noted defect. We further informed Traylor that the failure to respond by November 7, 2022, would result in dismissal of the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Although Traylor responded to our letter, his response failed to demonstrate proper grounds for our retention of this appeal.

---

[1]Traylor did not obtain the trial court's permission to appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

We find that the trial court's August 22, 2022, order was not a final order and was not an appealable interlocutory order.  Consequently, we are without jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.


                                        Scott E. Stevens
                                        Justice

Date Submitted:     November 14, 2022
Date Decided:       November 15, 2022